```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BLUE MOUNTAIN ENVIRONMENTAL    )
MANAGEMENT CORPORATION,        )
                               )
          Plaintiff,           )
                               )
     vs.                       ) Civil Action No. 01-460
                               )
CHICO ENTERPRISES, INC., and   )
AUGUST ENVIRONMENTAL, INC.,    )
                               )
          Defendants.          )
```

**MEMORANDUM ORDER**

Presently before the Court for disposition is a Motion to Stay Execution, or for the Determination of the Necessity and Amount of Supersedas Bond, brought by the defendants.

On October 19, 2004, this court entered final judgment in the case in favor of the plaintiff, Blue Mountain Environmental Management Corporation, and against the defendants, Chico Enterprises, Inc. and August Environmental, Inc., in the amount of $209,982.29 plus interest and costs. On October 28, 2004, defendants filed an appeal to the United States Court of Appeals for the Third Circuit; that appeal remains pending.

It appears that on or about August 5, 2005, the plaintiff obtained a writ of execution from the Court of Common Pleas of Washington County, Pennsylvania, directing the Sheriff to levy upon the defendants' property to satisfy the above-noted judgment. It further appears that a Sheriff's sale of certain of

defendants' personal property has been scheduled for October 4, 2005.

As set forth in Rule 62(d) of the Federal Rules of Civil Procedure,

> **Stay Upon Appeal.** When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

F.R.Civ.P.62(d).[1]  "[T]he filing of a satisfactory supersedas bond operates to preserve the status quo and stay further proceedings." Ascher v. Gutierrez, 66 F.R.D. 548, 549 (D.C.D.C. 1975). The amount of such a bond is generally an amount sufficient to satisfy the judgment in full, plus interest and costs. See Schreiber v. Kellogg, 839 F.Supp. 1157, 1159 (E.D.Pa. 1993); United States v. Kurtz, 528 F.Supp. 1113, 1115 (E.D.Pa. 1981).

The defendants suggest that a supersedas bond is not necessary in this case since Chico Enterprises, Inc. is "a substantial corporation" which will be able to satisfy the judgment if defendants are unsuccessful on appeal. Doc. 49, ¶ 5. Rule 62(d) "plainly dictates that in the ordinary case execution

---

[1] Although the defendants cited no rule, statute or cases in support of their motion, we believe Rule 62(d) is controlling here.

on a judgment should not be stayed unless the party that prevailed in the district court is secured from loss." Kurtz, 528 F.Supp. at 1114. Defendants have offered no exceptional circumstances, and we perceive none here, to support an unsecured stay. Thus, the appropriate course is to impose formal security in the form of a supersedas bond.[2]

Accordingly, this 21st day of September, 2005, it is hereby ORDERED that the Motion to Stay Execution is GRANTED and the defendants shall post a supersedas bond in the amount of Two Hundred and Twenty Thousand Dollars and No Cents ($220,000.00).

By the Court,

/s/  Amy Reynolds Hay
AMY REYNOLDS HAY
United States Magistrate Judge

---

[2] This court recognizes that execution proceedings have already commenced. We are also cognizant that courts are split on the issue of whether a stay pursuant to Rule 62(d) is retroactive. See Moses v. K-Mart Corporation, 922 F.Supp. 600, 603 (S.D. Fla. 1996)(and cases cited therein). We have found no Third Circuit case on point. However, because execution on the full amount of the judgment has not yet occurred, and because the bond required for the stay of this judgment will adequately protect the plaintiff's interests, we find that these circumstances dictate a retroactive stay.

```
cc:   Robert E. Dauer, Jr., Esquire
      Joshua R. Lorenz, Esquire
      Meyer, Unkovic & Scott
      1300 Oliver Building
      Pittsburgh, PA 15222

      Avrum Levicoff, Esquire
      Levicoff, Silko & Deemer, P.C.
      Centre City Tower
      650 Smithfield Street, Suite 1900
      Pittsburgh, PA 15222-3911
```