```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BLUE MOUNTAIN ENVIRONMENTAL    )
MANAGEMENT CORPORATION,        )
                               )
          Plaintiff,           )
                               )
     vs.                       ) Civil Action No. 01-460
                               )
CHICO ENTERPRISES, INC., and   )
AUGUST ENVIRONMENTAL, INC.,    )
                               )
          Defendants.          )
```

<u>OPINION AND ORDER</u>

The plaintiff, Blue Mountain Environmental Management Corporation ("Blue Mountain"), brought suit against the defendants, Chico Enterprises, Inc. ("Chico"), and August Environmental, Inc. ("August"), to recover fees and expenses Blue Mountain alleged it was owed for environmental services provided to August following an incident in which a motorist caused damage to a valve in a gasoline dispenser at Chico's filling station located at 844 Henderson Avenue, Washington, Pennsylvania. On October 20, 2004, this Court granted summary judgment in favor of Blue Mountain based upon the doctrine of account stated, in the amount of $209,982.29 plus interest and costs. The defendants then filed an appeal to the United States Court of Appeals for the Third Circuit on October 28, 2004. The appeal is currently pending in the Circuit.

Nearly one year after the entry of judgment in favor of Blue Mountain, the defendants filed with this Court Defendants' Motion to Vacate Judgment (doc. 54) pursuant to Fed.R.Civ.P. 60(b)(2). The defendants assert that they have discovered new evidence that suggests that the invoices Blue Mountain submitted for its services were inflated and inconsistent with the parties' agreement. The "newly discovered evidence" consists of a verified statement made by Don Landon, a former principal of Blue Mountain, dated October 7, 2005, wherein he avers, in pertinent part:

> Upon further review of Blue Mountain supplied invoices, it is recognized that elevated charges and/or rates for labor, equipment, services, applied mark-up and expendable supplies/materials, in excess of what may be considered reasonable and customary were applied during the performance of the Henderson Avenue project and in the phases of generation as related to the submittal of Blue Mountain invoices by parties other than Mr. Landon.

Doc. 54, Ex. A. This statement, the defendants argue, "undermines the central factual premise on which this Court's entry of summary judgment was based," doc. 54, p. 5., and requires the Court to vacate the summary judgment, re-open the record and proceed with either additional discovery or a trial.

Blue Mountain filed a brief in opposition to the Defendants' Motion to Vacate. The motion is now ripe for review.

Where an appeal is pending, this Court's jurisdiction is limited. Upon the filing of a Rule 60(b) motion in the district court,

> a district court, without permission of the appellate court, has the power both to entertain and to deny a Rule 60(b) motion. If a district court is inclined to grant the motion or intends to grant the motion ... [the district court] should certify its inclination or its intention to the appellate court which can then entertain a motion to remand the case. Once remanded, the district court will have power to grant the motion, but not before.

Hancock Industries v. Schaeffer, 811 F.2d 225, 240 (3d Cir. 1987), quoting Venen v. Sweet, 758 F.2d 117, 123 (3d Cir. 1985)(citations omitted)). For the reasons that follow, the Defendants' Motion to Vacate Judgment is properly denied.

In order to succeed on a Rule 60(b)(2) motion, the moving party must show that (1) the newly discovered evidence is material and not merely cumulative, (2) the evidence could not have been discovered prior to trial/judgment through the exercise of reasonable diligence, and (3) the evidence would probably have changed the outcome of the trial. Bohus v. Beloff, 950 F.2d 919, 930 (3d Cir. 1991). As Blue Mountain points out, Rule 60(b)

motions are viewed as "extraordinary relief which should be granted only where extraordinary justifying circumstances are present." Id.

This Court previously granted summary judgment in favor of Blue Mountain based on the doctrine of an account stated. An account stated has been defined as "an account in writing examined and accepted by both parties." Leinbach v. Wolfe, 211 Pa. 629, 630, 61 A. 248 (1905)(internal quotation and citation omitted); see also Connolly v. Fanslow, 1995 WL 686045, *5 (E.D.Pa. 1995). Acceptance of the correctness of the account need not be express and may be implied from the circumstances. Leinbach, supra.

The defendants argued that there were material facts in dispute as to the accuracy, reasonableness or correctness of Blue Mountain's invoices which prevented the entry of summary judgment. This Court disagreed, finding that defendants examined the invoices submitted by Blue Mountain, at least to the extent required to add a twenty percent mark-up before submitting them to the Underground Storage Tank Indemnification Fund for payment. Thereafter, the defendants made five payments to Blue Mountain on its invoices, without raising any challenge to the necessity or quality of Blue Mountain's work or to Blue Mountain's charges for

their services.  As well, when Blue Mountain pressed for payment of the balance of its accounting, defendants met with representatives from Blue Mountain and its subcontractors, acknowledged the amounts due and owing, did not then assert any objections to the invoices, confirmed an intention to pay, and, upon receipt of correspondence from Blue Mountain summarizing these facts, offered no contrary position.

Moreover, for nearly two years following their meeting with representatives of Blue Mountain and its subcontractors, Chico and August raised no objection to the outstanding balance owed to Blue Mountain.  It was not until fourteen months after Blue Mountain filed suit -- and more than two year after completion of Blue Mountain's work -- that Chico and August first took the position that they had not previously assented to and did not currently accept the accuracy of Blue Mountain's invoices.  Under these circumstances, this Court determined that no reasonable jury could conclude that Chico and August disputed the accounting.  Retention of Blue Mountain's invoices without objection for the unreasonably long time involved in this case constituted a manifestation of assent.

The existence of an account stated is prima facie evidence of the correctness of the account, in the absence of

fraud, mistake or error, and individual items of the account are presumed to be correct in the absence of timely objections. Connolly, supra. "[A] court may open or set aside an account stated only upon clear and convincing evidence of fraud or mistake." Id.

This Court agrees with Blue Mountain that the verified statement by Don Landon does not refute or in any way contradict that (1) there was a running account as reflected on Blue Mountain's invoices; (2) a balance remained due and owing upon that account; (3) the invoices were presented to the defendants; (4) and defendants assented to the account; or (5) manifested their assent to the account by the retention of the account statements for an unreasonably long time without any objection, in this case more than two years after the completion of the project and the issuance of the last invoice.

The fact related through Mr. Landon's statement, i.e., that Blue Mountain applied elevated charges or rates in excess of what may be considered reasonable, does not appear to constitute newly discovered evidence since defendants argued this fact during summary judgment. As such, this fact appears to be cumulative. Moreover, nothing in Mr. Landon's verified statement refutes or contradicts defendants' assent to the account. A

party who accedes to an account stated is bound by the terms of the account absent a showing of fraud or mistake.  <u>Levin v. Garfinkle</u>, 492 F.Supp. 781, 810 (E.D.Pa. 1990).  Nothing in Mr. Landon's statement speaks of or to fraud or mistake and, therefore, the statement cannot and does not constitute clear and convincing evidence of fraud or mistake to justify opening or setting aside the account and judgment.  <u>See</u> <u>Connolly</u>, <u>supra</u>.  Accordingly, the Defendants' Motion to Vacate Judgment is properly denied.

  An appropriate Order follows.

            By the Court,

            <u>/s/   Amy Reynolds Hay      </u>
            AMY REYNOLDS HAY
            United States Magistrate Judge

Dated: 7 February, 2006.

```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BLUE MOUNTAIN ENVIRONMENTAL   )
MANAGEMENT CORPORATION,       )
                              )
        Plaintiff,            )
                              )
    vs.                       ) Civil Action No. 01-460
                              )
CHICO ENTERPRISES, INC., and  )
AUGUST ENVIRONMENTAL, INC.,   )
                              )
        Defendants.           )
```

ORDER

AND NOW, this 7th day of February, 2006, for the reasons set forth in the accompanying Opinion, IT IS HEREBY ORDERED that Defendants' Motion to Vacate Judgment is DENIED.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if the defendants desire to appeal from this Order they must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed.R.App.P.

By the Court,

/s/   Amy Reynolds Hay
AMY REYNOLDS HAY
United States Magistrate Judge

cc:  Robert E. Dauer, Jr., Esquire
     Joshua R. Lorenz, Esquire
     Meyer, Unkovic & Scott
     1300 Oliver Building
     Pittsburgh, PA 15222

Avrum Levicoff, Esquire
Levicoff, Silko & Deemer, P.C.
Centre City Tower
650 Smithfield Street, Suite 1900
Pittsburgh, PA 15222-3911

Julie M. Chico, Esquire
Stephen M. LaCagnin, Esquire
Jackson & Kelly
P.O. Box 619
Morgantown, WV 26505