IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BLUE MOUNTAIN ENVIRONMENTAL          )
MANAGEMENT CORPORATION,              )
                                      )
            Plaintiff,                )
                                      )
      vs.                             )      Civil Action No. 01-460
                                      )
CHICO ENTERPRISES, INC., and         )
AUGUST ENVIRONMENTAL, INC.,          )
                                      )
            Defendants.               )

MEMORANDUM ORDER

Presently before the Court is Plaintiff's Motion to Strike Jury Demand.  For the reasons that follow the motion will be granted.

On March 9, 2001, Blue Mountain Environmental Management Corporation ("Blue Mountain") filed the above-captioned civil action against Chico Enterprises, Inc. and August Environmental, Inc. (collectively, the "Defendants").[1]  Blue Mountain alleged that the Defendants requested the services of Blue Mountain to provide environmental testing and remediation at the site of a gasoline spill at a service station owned and operated by the Defendants.  Blue Mountain asserted that in accordance with the parties' agreement on this matter, Blue Mountain provided the requested services and billed Defendants for same.  Blue Mountain claimed that Defendants failed and refused to pay the outstanding and past-due invoices totaling $209,982.29.  The Complaint set forth three separate causes of action: (1) breach of contract, (2) account stated and (3) unjust enrichment.  Blue Mountain did not demand a trial by jury.

---

[1]  Chico Dairy Company, also named as an original defendant, was dismissed from the action on August 9, 2001.

The Defendants filed their Answer on April 16, 2001.  At that time, they did not indorse upon their Answer or otherwise make a demand for a jury trial.  As well, Defendants did not demand a jury trial within ten days of service of their Answer.

Fourteen months later, on June 27, 2002, Defendants filed a Motion to Substitute Counsel, upon which they attempted to indorse a demand for trial by jury.  The Motion to Substitute Counsel was granted and a few weeks later Defendants moved for leave to file an Amended Answer that would "clarify" the issues and more specifically detail their position and "address the allegations" of the Complaint.  See Doc. 85, Ex. B, ¶ 5.  The Court granted leave and on December 30, 2002, Defendants filed their Amended Answer.  No demand for trial by jury was indorsed upon the Amended Answer and none was filed within ten days of service of the Amended Answer.

At the very recent Pretrial Conference, held on September 5, 2006, the Court indicated that by its review of the pleadings no demand for trial by jury had been made by either party.  Plaintiff was in agreement, however, Defendants advanced the position that they had preserved their right to a jury trial as evidenced by the Motion to Substitute Counsel.

Blue Mountain has now moved to strike any purported jury trial demand, arguing that Defendants waived their right to make the demand and have not asserted new issues which would generate the right to request the demand.  Blue Mountain points to Fed.R.Civ.P. 38, which provides in pertinent part as follows:

> **(b) Demand.**  Any party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefor in writing at any time after the commencement of the action **and not later than 10 days after the service of the last pleading directed to such issue**, and (2) filing the demand as required by Rule 5(d).  Such demand may be indorsed upon a pleading of the party.
>
> \*       \*       \*

2

> **(d) Waiver.** The failure of a party to serve and file a demand as
> required by this rule constitutes a waiver by the party of trial by
> jury.  A demand for trial by jury made as herein provided may not
> be withdrawn without the consent of the parties.

Fed.R.Civ.P. 38(b),(d)(emphasis added).  The term "last pleading" means the last pleading filed

that contests the issue, typically an answer to a complaint or a reply to a counterclaim.  <u>McCarthy</u>

<u>v. Bronson</u>, 906 F.2d 835, 840 (2d Cir. 1990), <u>aff'd</u>, 500 U.S. 136 (1991).  As Blue Mountain

correctly notes, Defendants filed their Answer to the Complaint on April 16, 2001 and, as such,

the Answer constituted the "last pleading" for purposes of Rule 38(b).  The Defendants did not

request a trial by jury at that time nor within ten days after service of their Answer.  Blue

Mountain asserts that Defendants failure in this regard constituted a waiver of their right to a jury

trial.  The Court agrees.

Rule 38(d) clearly provides that a failure to timely serve a demand for trial by jury

constitutes a waiver of that right.  Fed.R.Civ.P. 38(d); <u>Fort Washington Resources, Inc. v.</u>

<u>Tannen</u>, 852 F.Supp. 341, 342 (E.D.Pa. 1994).   "It is well settled that, if the original pleadings in

an action effectively waive trial by jury under rules 38(b) and (d), the right to trial by jury of all

matters contained in those pleadings cannot be revived by subsequent amendment of the original

pleadings.  <u>See, e.g.</u>, <u>Walton v. Eaton Corp.</u>, 563 F.2d 66, 71 (3d Cir. 1977) (en banc); <u>Crawford</u>

<u>v. Dominic</u>, 85 F.R.D. 33 (E.D.Pa.1979); 5 J. Moore, Moore's Federal Practice P 38.39(2), at

38-353 (1982).  The only exception to this general rule that amendment of a pleading does not

revive a previously waived right to demand a jury trial is in a case in which the amended

pleading raises new issues not raised by the original pleading."  <u>Cardio-Medical Associates, Ltd.</u>

<u>v. Crozer-Chester Medical Center</u>, 95 F.R.D. 194, 196 (E.D.Pa. 1982), <u>aff'd</u>, 721 F.2d 68 (1983);

<u>Lanza v. Drexel & Co.</u>, 479 F.2d 1277, 1310 (2d Cir. 1973)(en banc).

The term "issue" in this context "means something more than the evidence offered

and the legal theories pursued."  <u>Rosen v. Dick</u>, 639 F.2d 82, 94 (2d Cir. 1980).  New legal

theories or "artful rephrasings" in the amended pleading will not constitute new issues.  Berisford Capital Corp. v. Syncom Corp., 650 F.Supp. 999, 1001-02 (S.D.N.Y. 1987)(quoting Rosen, 639 F.2d at 94, 96).  "Rule 38 envisions an amendment that raises new facts ... as a prerequisite to reactivation of the 10-day period during which a party has a right to make a jury demand." Westchester Day School v. Village of Mamaroneck, 363 F. Supp.2d 667, 670 (S.D.N.Y. 2005). The Court must "look to the underlying essence" of the Answer and the Amended Answer here to determine whether the Amended Answer presents any new issues.  Berisford, 650 F.Supp. at 1003.  Stated differently, reactivation can occur only if "the ultimate issue for decision is different."  Rosen, 639 F.2d at 94.

The Defendants argue that only in their Amended Answer did they plead their primary defense, that is, that Blue Mountain's invoices were excessive and unreasonable, which Defendants claim constituted a new affirmative defense.  Defendants further argue that the Amended Answer pled new facts to support that defense.  Defendants point to several examples of what are purported to be "new denials, facts, and defenses."  Doc. 85, pp. 2-3.  We discuss only one such example, which is representative of the other examples given.

Paragraph 28 of the Complaint alleged: "At the Defendants' specific request, Blue Mountain provided the aforementioned environmental testing and remediation services ... in accordance with the agreed-upon terms and conditions."  Defendants simply denied this averment in their Answer.  In their Amended Answer, Defendants admitted that some services performed by Blue Mountain were reasonable, necessary and invoiced at a reasonable rate and others were not.  In our view, the "underlying essence" of the Answer and the Amended Answer, as demonstrated by paragraph 28 and others, is a denial of Blue Mountain's claim that the parties agreed upon certain terms and conditions whereby Blue Mountain would provide reasonable and necessary services billed at a fair price and/or that Blue Mountain did not provide reasonable and necessary services billed at a fair price.  The Amended Answer simply does not set forth any new

4

issue(s) not raised in the original Answer.  Rather, the Amended Answer is "merely an amplification" of the same issue(s) raised by the original Answer.  New Hampshire Fire Ins. Co. v. Perkins, 28 F.R.D. 588, 590 (D.Del. 1961).  "[T]he mere addition of extra details or new legal arguments will not suffice" to reactivate the right to demand a jury trial.  Westchester Day School, 363 F.Supp.2d at 670 (citing Rosen, 639 F.2d at 94-97).  See also, Lanza, 479 F.2d at 1310.

Moreover, even if the Court were to conclude that the Amended Answer raised new issues/defenses, which we have determined it did not, the time to exercise their right of trial by jury would have occurred at the time of the filing of the Amended Answer or within ten days of service of same and not before.  Defendants did not make any timely demand after filing their Amended Answer and, therefore, would have again waived their right.   Defendants argument that by having indorsed the right on its Motion to Substitute Counsel and thereafter having been granted permission to file the Amended Answer somehow preserved the right and complied with Rule 38 is unavailing.  In the first instance, as previously noted, Defendants waived the right when they failed to demand it at the time of their Answer.  Secondly, it cannot be said that a motion to substitute counsel, which clearly does not contest the issues in a case, constitutes a "last pleading" for purposes of Rule 38.  See McCarthy, 906 F.2d at 840.  As well,  a motion to substitute counsel does not and legally cannot cancel the waiver.  See Lanza, 479 F.2d at 1310.  Nor has the Court been provided with or found any authority to support Defendants' argument that the motion to substitute counsel could serve to preserve a right that would be reactivated only after Defendants had filed an Amended Answer that raised new issues, which did not occur here.  See Fort Washington Resources, Inc., 852 F.Supp. at 342.

Lastly, Defendants make much of the fact that they indorsed "JURY TRIAL DEMANDED" on pleadings subsequent to filing the Amended Answer and Plaintiff did not file any opposition until now.  However, the addition of this phrase could not and did not change the

fact that as a matter of law Defendants never timely exercised their right to trial by jury. Defendants have not pointed to any authority and the Court has found none that would require Plaintiff to respond to what it clearly -- and correctly -- perceived to be a nullity.

AND NOW, this 25th day of October, 2006, IT IS HEREBY ORDERED that Plaintiff's Motion to Strike Jury Demand is GRANTED and the case will proceed as a bench trial beginning on November 13, 2006, at 9:00 a.m. in Courtroom 9C.

/s/   Amy Reynolds Hay
AMY REYNOLDS HAY
United States Magistrate Judge

cc:    All counsel of record via Electronic Filing