IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLUE MOUNTAIN ENVIRONMENTAL MANAGEMENT CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CHICO ENTERPRISES, INC., and AUGUST ENVIRONMENTAL, INC.,<br><br>　　　　Defendants. | Civil Action No. 01-460 |

MEMORANDUM ORDER

Plaintiff filed suit in this matter on March 9, 2001. On December 30, 2002, Defendants filed an Amended Answer, raising as a defense that Blue Mountain's work was excessive and unreasonable and outside the scope of the agreement between the parties:

> 23. Defendants admit that August contracted with Blue Mountain to perform reasonable and necessary services at a reasonable cost.
>
> 24. Defendants admit that some services provided by Blue Mountain conformed to the agreement with August. Other services were excessive, unreasonable, and were in breach of the agreement.
>
> 　　　　* * *
>
> 28. Defendants admit that certain services for which Blue Mountain invoiced August were reasonable, necessary and were invoiced at a reasonable price. Other invoices reflect excessive, unreasonable charges at an inflated price which are not consistent with the agreement between Blue Mountain and August.
>
> 　　　　* * *

Fourth Defense

Blue Mountain has been paid for substantially all reasonable and necessary services in full discharge of August's obligations under the parties' agreement.

Fifth Defense

The prices reflected in plaintiff's invoices are excessive and unreasonable, and not in accord with its agreement with August. Therefore, plaintiff's breach of the agreement excuses August for any duty to pay.

Amended Answer (doc. 26), pp. 3-4. Following a period of discovery, the parties filed their Pretrial Narrative Statements ("Pretrial") on March 30, 2004. Defendants' Pretrial listed but one expert, Dietrich Weyel, whose testimony concerned the impact of the incident at the gasoline pump and resultant "spill" on the air quality in an adjacent building, known as the Cario Building. Defendants listed no expert on the issue of whether Plaintiff's work was excessive and unreasonable.

Nearly four years after filing their Amended Answer and nearly two and one-half years after filing their Pretrial and with roughly three weeks remaining before the trial of this action, Defendants have filed a Motion to Amend Witness List (doc. 79). Defendants seek to add another expert witness whose "testimony is critical to Defendants' position that the work performed by Blue Mountain was excessive and unreasonable in terms of the services performed, time spent, and rates charged." Defendants' Motion to Amend Witness List (doc. 79), p. 2.

Pursuant to Fed.R.Civ.P. 26(a)(2)(C), the Defendants were required to disclose the identity of any expert they intended to use at trial, together with the disclosure of other important information including the expert's report, at least 90 days before the trial date unless otherwise directed by the Court. As well, our Local Rules of Court require that the Pretrial contain the identification of any experts, together with a copy of all Rule 26(a)(2) expert witness

disclosures.   Western District of Pennsylvania Local Rules of Court, Rule 16.1.4.B.

Defendants have offered no explanation for their extraordinary delay in making this motion and their utter failure to comply with the rules in this regard.  The sole case cited by the Defendants is unavailing.  In National Distillers and Chemical Corporation v. Brad's Machine Products, Inc., 666 F.2d 492 (5th Cir. 1982), the district court permitted two experts to testify over defendant's objection that plaintiff had failed to provide to it the substance of the experts' anticipated testimony in accordance with the Court's pretrial order.  The plaintiff asserted that it provided the defendant with a summary of the expected testimony three weeks prior to trial and that the defendant delayed in interviewing the witnesses until after trial had begun.  As well, it appears that defendant ultimately was able to examine the witnesses before they testified.  Accordingly, the court of appeals refused to disturb the trial court's ruling since there was no clear abuse of discretion in admitting the testimony under the circumstances.

We note that the National Distillers case was decided prior to the 1983 amendments to the Federal Rules of Civil Procedure, which included major revisions to Rule 26, including the requirements for significant and timely disclosure of expert witness information.  Moreover, in National Distillers, it does not appear that the existence of the experts themselves was made known only on the eve of trial, as is the case here.  The professed need now for the "critical" testimony to establish that Blue Mountain's work was unreasonable and unnecessary and/or billed at inflated prices was most certainly obvious to the Defendants at the time they raised their defenses in their Amended Answer nearly four years ago and it was their responsibility and obligation to prepare those defenses in a timely fashion and in compliance with the rules of court.  Having failed to so act, this Court is compelled to deny their motion.

AND NOW, this 1st day of November, 2006, IT IS HEREBY ORDERED that for

the above-stated reasons the Defendants' Motion to Amend Witness List is DENIED.

/s/ Amy Reynolds Hay
AMY REYNOLDS HAY
United States Magistrate Judge


cc: All counsel of record via Electronic Filing