IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLUE MOUNTAIN ENVIRONMENTAL MANAGEMENT CORPORATION,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CHICO ENTERPRISES, INC., and AUGUST ENVIRONMENTAL, INC.,<br><br>　　　　Defendants. | Civil Action No. 01-460 |

MEMORANDUM ORDER

AND NOW, this 2nd day of November, 2006, upon consideration of the Plaintiff's Motion in Limine to Exclude Evidence, that is, the statement by Donald L. Landon, Jr., dated October 7, 2005, and Defendants' Response in opposition thereto, IT IS HEREBY ORDERED that the motion (doc. 71) is GRANTED for the reasons set forth below.

Defendants argue that the statement is admissible as an admission of a party-opponent under Fed.R.Evid. 801(d)(2)(D).  Pursuant to Rule 801(d)(2)(D) a statement "made by a party's agent or servant concerning a matter within the scope of the agency or employment [and] made during the existence of the relationship" is not hearsay.  While there is no dispute that at one point in time Mr. Landon was indeed a partner in and, hence, an agent of Blue Mountain, the Defendants acknowledge that at the time Mr. Landon made the statement he was no longer affiliated with Blue Mountain.  Nevertheless, Defendants argue that Landon's "professional responsibilities and relationship to Blue Mountain [somehow] continued."  Defendants' Opposition to Plaintiff's Motion in Limine (doc. 78), p. 4.  However, Defendants have not pointed to any evidence to support the existence of any continuing agency relationship at the time

the statement at issue was made and Defendants' conclusory statements in this regard are insufficient support.

Likewise, none of the cases cited by Defendants lends any support to their argument. In United States v. Saks, 964 F.2d 1514 (5th Cir. 1992), the trial court permitted a statement made by one partner to be used against the other partner after the partnership had dissolved through bankruptcy. The court found that because the statement was made in the course of winding up the partnership's affairs and because Texas law provided that statements made by a partner after dissolution may bind the other partners if made in the process of winding up the partnership affairs the statement fell within 802(d)(2)(D). Here, however, there are no similar facts. Further, Texas law is not applicable here and Defendants have not pointed to any similar provision of Pennsylvania law that might apply.

In United States v. Chappell, 698 F.2d 308 (7th Cir. 1983), the court permitted the testimony of a former bookkeeper given at an SEC hearing to be used at the criminal trial of defendant Chappell pursuant to Fed.R.Evid. 801(d)(2)(D). The facts demonstrated, however, that although the bookkeeper was not on Chappell's payroll at the time of the SEC testimony, Chappell himself had told the SEC that the bookkeeper was still acting as the accountant and that books and records were in the bookkeeper's possession. Thus, by the defendant's own account, the bookkeeper's statements were made during the existence of an agency relationship. Again, the facts of the instant case are not analogous.

Defendants also cite Stalbosky v. Belew, 205 F.3d 890 (6th Cir. 2000), where the court admitted the testimony of the former corporate president after his retirement. However, the evidence of record established that the former president remained as chairman of the board and described his circumstance as being "semi-retired." Accordingly, the court found a sufficient

agency relationship to admit his statements under Rule 801(d)(2)(D).  Such is not the case here.

Lastly, <u>United States v. King</u>, 134 F.3d 1173 (2d Cir. 1998) involved the question of the admissibility of previous trial testimony by an individual defendant against the co-defendant corporation in a subsequent trial, where the individual was the corporation's sole stockholder.  In <u>King</u>, however, there was no dispute -- as there is here --  whether an agency relationship existed at the time of the statement.

Defendants also suggest, in a footnote, that Landon's "verified statement" is admissible as a "statement against interest" under Fed.R.Evid. 804(b)(3) since the "verified statement" made him subject to prosecution for perjury.  However, defendants have not explained or offered facts that would establish how this may be so.

Finally, Defendants argue that Landon's statement is admissible under Fed.R.Evid. 807.  Rule 807 provides, in pertinent part:

> A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence.

Fed.R.Evid. 807.

The problem with Defendants' argument here is the lack of evidence to establish the "equivalent circumstantial guarantees of trustworthiness" to Mr. Landon's statement.  The circumstances surrounding Mr. Landon's departure from Blue Mountain and decision to make the statement at issue have not been provided.  Further, by Defendants' own account, Mr. Landon suffered from drug addiction and died from a drug overdose shortly after making the challenged statement.  Arguably, information concerning Mr. Landon's state of health and mind at the time

he made the statement would bear on its trustworthiness, which information has not been provided. At this juncture, the Court cannot properly determine the trustworthiness of Mr. Landon's statement and, hence, cannot analyze it under Rule 807.

Accordingly, the aforementioned statement by Mr. Landon is ORDERED excluded from evidence at the trial of this case.


/s/   Amy Reynolds Hay
AMY REYNOLDS HAY
United States Magistrate Judge


cc:     All counsel of record via Electronic Filing